Bill Shirron Director Teacher Retirement System State of Arkansas #3 Capitol Mall Little Rock, AR 72201
Dear Mr. Shirron:
This is in response to your request for an opinion regarding loan applications, and accompanying information, which are submitted to the Arkansas Teacher Retirement System (ATRS) in connection with direct mortgage loans in the private sector. You note that the applications consist of information about the project, cash flow projections, appraisals, and information about the borrowers, including personal financial records and income tax records. The loan is first reviewed by ATRS staff members, then by the Arkansas Development Finance Authority, and then by the Investment Committee, which is composed of five members of the Board of Trustees of the Retirement System.
Your specific questions are as follows:
 (1) At what stage in our process would a loan application become public information and subject to the FOI Act?
 (2) Are personal financial records contained in the application subject to the FOI Act?
 (3) Would the agency be required to release any personal financial information such as a borrower's net worth?
 (4) Who would determine what financial records could give an applicant's competitor an unfair advantage?
Please note that I have enclosed a copy of Attorney General Opinion Number 87-415, wherein it was concluded that the ATRS is generally required to provide public access to information relating to loan applications received from private individuals and corporations. It is therefore my opinion, in response to your first question, that the application is subject to the Arkansas Freedom of Information Act, (FOIA) (A.C.A. 25-19-101 et seq. (1987 Supp. 1989)), when first received by the ATRS.
Consideration must, however, be given to the exemptions in the FOIA for "state income tax records" and "files which, if disclosed, would give advantage to competitors or bidders." A.C.A. 25-10-105(b)(1) and (b)(9)(A) (Advance Code Service 1990-91.) With regard to income tax records, it should be noted that the exemption under subsection (b)(1) of 25-19-105 is not limited to tax records of individuals, and therefore includes corporate tax information. Opinion Number 87-415 is hereby modified and corrected, to the extent that it concludes otherwise. See Att'y Gen. Op. No. 87-415 at 2.
The answer to your second and third questions is, generally, "yes". There is no exemption under the FOIA in this regard, except as noted above with respect to state income taxes and competitive advantage. See Op. No. 87-415. The personal financial records, as contained in the application, are part of the loan request which must be reviewed and acted upon by the ATRS. The records are, therefore, maintained by public employees within the scope of their employment, and as such are presumed to be public records. A.C.A. 25-19-103(1).
The possibility of a constitutional privacy issue in connection with personal financial records should be mentioned. This right is not absolute and must be balanced against the public interest in disclosure. Plante v. Gonzales, 575 F.2d 1119 (5th Cir. 1978), cert. denied, 439 U.S. 1129 (1979); McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). In this instance, the ATRS must "manage the funds so as to favorably impact the economic condition of and maximize capital investment in the State of Arkansas. . ." A.C.A. 24-3-414. The balancing test under the privacy issue requires consideration of the particular records in question. As a general matter, however, it appears that personal financial records, including information regarding a borrower's net worth, are probative and relevant to the fiduciary's responsibility under 24-3-414, supra. The strong governmental interest in the management of the public employee retirement system funds would, in my opinion, generally outweigh the borrower's privacy interest, if any, in the submitted financial information.
In response to your final question, the custodian of the records will make the initial determination of whether the exemption applies. Att'y Gen. Op. No. 85-134; see also Gannett River States Publishing Co. v. Arkansas Indus. Dev. Comm'n, 303 Ark. 684, 689,799 S.W.2d 543 (1990). This determination will be subject to judicial review. The ATRS will have the burden, like any other litigant, of proving an allegation that the exemption precludes disclosure. Gannett River States Publishing Co., 303 Ark. at 303. Please note that I have enclosed a copy of Opinion Number 87-194 which discusses the application of the so-called "competitive advantage" exemption.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.